IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> : <br> v. : <br> : CIVIL ACTION NO. <br> : 1:18-CR-00460-LMM-CCB <br> KEVIN HUDSON, : <br> : <br> : <br> Defendant. : <br> : | |

# ORDER

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [61], recommending that this Court deny Defendant Hudson's Motions to Suppress [21; 22]. Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed objections to the R&R [69]. The facts and procedural history of this case are set forth in the R&R and are fully incorporated herein by reference.[1] After due consideration, the Court enters the following Order:

## I.     LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's R&R for clear error if no objections are filed. 28 U.S.C. § 636(b)(1). If a party files

---

[1] As there were no factual objections, the facts as set forth in the R&R are hereby adopted.

objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections to the R&R, the Court reviews the Magistrate Judge's findings and recommendations regarding these conclusions on a *de novo* basis. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Defendant objects to the Magistrate Judge's conclusion that the Government met its burden of establishing that his custodial statements were obtained in compliance with Miranda v. Arizona, 384 U.S. 436 (1966). Dkt. No. [69] at 2. Defendant asserts that the Magistrate Judge erred in relying too heavily on his failure to provide evidence contradicting Agent Bowling's testimony. Id. Defendant also asserts that the Magistrate Judge erred in failing to weigh a presumption of coerciveness against Agent Bowling's testimony. Id. at 2–3.

The Court is not persuaded by Defendant's arguments. First, the Magistrate Judge correctly placed the burden of proof on the Government to show that Defendant was properly read his Miranda warnings and, relying on Agent Bowling's testimony, found that the Government met its burden. Dkt. No. [61] at 10–11. Without evidence to challenge Agent Bowling's testimony, the Court is without anything to counter the Government's showing. See United States v. Harris, 151 F. App'x 882, 885–86 (11th Cir. 2005) (finding that the Government met its burden where an officer testified that he read the defendant his Miranda warnings). The Court is also unpersuaded by Defendant's argument

that Agent Bowling's testimony was not credible because he failed to record his reading of the Miranda warnings. While Defendant may be correct that a presumption of coerciveness accompanies custodial interrogations, that presumption does not negate Agent Bowling's own credibility. Indeed, the Supreme Court has never specifically required an exact manner in which Miranda warnings must be given. See id. at 885 ("Importantly, the Supreme Court has never insisted Miranda warnings be given in [an] exact form."). The Court therefore finds that the Magistrate Judge did not err when it concluded that Defendant's custodial statements were obtained in compliance with Miranda.

Next, Defendant objects to the Magistrate Judge's conclusion that he consented to the search of his cell phone. Dkt. No. [69] at 3–5. The Court is also unpersuaded by Defendant's arguments as to this issue. The Eleventh Circuit has held that a law enforcement officer is not required to inform the defendant that he has the right to refuse consent to a search. United States v. Spivey, 861 F.3d 1207, 1216 (11th Cir. 2017). Further, Defendant was not "handcuffed or under arrest when [he] gave [his] consent" and the agents used "no signs of force, physical coercion, or threats" to obtain Defendant's consent. Id. at 1215. The circumstances presented here are unlike those in which the Eleventh Circuit has held that consent was involuntarily given. See United States v. Espinosa-Orlando, 704 F.2d 507, 510 (11th Cir. 1983); cf. United States v. Garcia, 890 F.2d 355, 362 (11th Cir. 1989). The Court therefore finds that the Magistrate Judge did not err

3

when it found that Defendant consented to the search of his cell phone. See Dkt. No. [61] at 15–19. Accordingly, the Court **OVERRULES** Defendant's Objections.

## III.  CONCLUSION

In accordance with the foregoing, the Court **ADOPTS** the Magistrate Judge's R&R [61]. Defendant Hudson's Motions to Suppress [21; 22] are **DENIED**.

The trial in this action is hereby set to begin on **Monday, January 25, 2021 at 9:30 A.M**. in Courtroom 2107. The pretrial conference will be held on **Tuesday, January 19, 2021 at 10:00 A.M.** in Courtroom 2107. By noon on **Tuesday, January 5, 2021**, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on **Tuesday, January 5, 2021**, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on **Tuesday, January 12, 2021**, the parties are to file responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through **January 25, 2021**, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

4

**IT IS SO ORDERED** this 14th day of July, 2020.

*[Signature]*

**Leigh Martin May**
**United States District Judge**